```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

SUZANNE DUNIGAN,                :
                                :
        Plaintiff,              :    NO. 1:08-CV-00501
                                :
    v.                          :
                                :    **OPINION AND ORDER**
COMMISSIONER OF SOCIAL,         :
SECURITY,                       :
                                :
        Defendant.              :


This matter is before the Court on the Magistrate Judge's July 9, 2009 Report and Recommendation (doc. 10), Defendant's Objections (doc. 11), and Plaintiff's Response (doc. 12). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and REMANDS this matter for an immediate award of benefits.

**I. Background**

Plaintiff, who has been diagnosed with rare chronic bone disease (esinophilic granuloma), tendonitus of her left wrist, depression, diabetes, and degenerative lower spine disease, filed an application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") in January 2005 (doc. 10). After Defendant denied her applications, she requested a hearing before an administrative law judge ("ALJ"), who rejected her applications on May 24, 2007 (Id.). Plaintiff requested review with the Social Security Appeals Council, which on June 5,

2008, denied further review (Id.).  Plaintiff then appealed to this Court (Id.).

Plaintiff contends the ALJ erred in three respects in denying her applications (Id.).  First, she asserts the ALJ erred in determining her residual functional capacity ("RFC"), second, that he failed to consider the sustainability of work, and third, that he failed to consider all the medical evidence (Id.).  In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that the record clearly establishes disability in this matter (doc. 10). The Magistrate Judge found Plaintiff's first two assignments of error well-taken, while rejecting the third as lacking in merit (Id.).  Accordingly, the Magistrate Judge found the record adequately establishes Plaintiff's entitlement to benefits, and because there is no significant evidence to the contrary, this matter should be remanded for an award of benefits (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994)).  Defendant filed its Objections on July 20, 2008 (doc. 11), and Plaintiff her Response (doc. 12), so that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Defendant

filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993). The claimant has the burden of proving by sufficient evidence that he is entitled to DIB. 20 C.F.R. § 404.1512(a). To show that claimant is entitled to DIB, she must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is

disabled, as defined in Section 423(d). Plaintiff must show that, during the relevant time period, she suffered impairment expected to last at least twelve months, which rendered her unable to perform either the work previously done by her or any other work considered substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

**A.  The Magistrate Judge's Report and Recommendation (doc. 9)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 10). The Magistrate Judge then reviewed Plaintiff's three assignments of error, 1) that the ALJ erred in determining Plaintiff's RFC, 2) that the ALJ erred in failing to consider the sustainability of work, and 3) that the ALJ failed to consider all the medical evidence (Id.).

The Magistrate Judge found that Plaintiff's physical impairments were fully supported by the medical record and resulted in a functional limitation of being able to sit for four hours in a work day, standing for two hours, and needing to change positions at will (Id.). However, the Magistrate Judge noted that the ALJ's hypothetical assumed Plaintiff could sit for eight hours with stretch breaks every twenty to thirty minutes, a conclusion unsupported by the record (Id.). The Magistrate Judge determined that the sitting requirement in the hypothetical was erroneous (Id.). As such, he concluded Plaintiff's first assignment of

4

error has merit (Id.).

As for the second assignment of error, the Magistrate Judge further determined the ALJ failed to consider Plaintiff's inability to work an eight-hour day on a regular and continuing basis (Id.). According to the Magistrate Judge the record shows unrebutted Dr. Nuthakki's opinon that Plaintiff would miss more than four days a month because of her impairments (Id.). The Magistrate Judge found that Plaintiff's ability to perform sustained work, even at the sedentary level, is not evident from the medical record, such that the ALJ's conclusion to the contrary is erroneous (Id.). The Magistrate Judge concluded the Plaintiff's second assignment of error has merit (Id.).

The Magistrate Judge rejected the Plaintiff's third assignment of error, grounded in the theory that the ALJ failed to take into account Plaintiff's diabetes and her need to take frequent bathroom breaks (Id.). The Magistrate Judge found evidence in the record that Plaintiff has diabetes and some form of neuropathy due to diabetes, but no medical expert opinion concerning bathroom breaks (Id.). Under these circumstances, he found Plaintiff's third assignment of error lacking in merit (Id.).

In conclusion, the Magistrate Judge found that were the ALJ's formulation of Plaintiff's RFC the sole problem in this case, he would recommend a remand of the matter for further consideration (Id.). However, because substantial evidence demonstrates

5

Plaintiff will miss more than four days a work monthly due to her impairments, the Magistrate Judge found proof of disability strong and opposing evidence lacking in substance (Id.). Accordingly, the Magistrate Judge recommended remand for an award of benefits (Id.).

**B.  Defendant's Objection (doc. 11)**

Defendant argues the ALJ accorded proper weight to the opinion of Dr. Nutthaki, as Plaintiff's back pain in February 2007 appeared to be based on an exacerbation due to her having recently lifted a heavy piece of furniture (doc. 11).  As such, Defendant argues the ALJ was reasonable to conclude that Plaintiff's back condition could improve with proper treatment within a twelve-month period (Id.).  In Defendant's view, the Court should remand this matter for the development of the record as to the longstanding nature of the limitations indicated by Dr. Nuthakki (Id.).

**C.  Plaintiff's Response (doc. 12)**

Plaintiff responds that the notion that her condition could improve in twelve months is the opinion of the ALJ, is contrary to that of the treating physician Dr. Nuthakki, and the ALJ is substituting his opinions for the treating physician, which is not allowed (doc. 12).  Plaintiff argues that Dr. Nuthakki's opinion was based on his examining and treating of Plaintiff as well as objective findings of x-rays showing hypertrophic degenerative facet arthopathy involving L4-S1 and degenerative changes (Id.).  Degenerative disease, by its very definition,

contends Plaintiff, is progressive (Id.).  As such, argues Plaintiff, the Court should adopt the Magistrate Judge's Report and Recommendation (Id.).

**D.   Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 10), and denies Defendant's Objections (doc. 11).

The Court agrees that the record establishes disability in this matter, because the evidence shows Plaintiff would miss at least four days a month because of her impairments, and the assumption in the ALJ's hypothetical that Plaintiff could sit for eight hours with frequent stretch breaks is erroneous.  The Court further finds the objective proof in the form of x-rays to show Plaintiff suffers from degenerative disease that impairs her ability to work.  The Court agrees with the Magistrate Judge's conclusion that Plaintiff's ability to perform work, even at the sedentary level, is not evident from the medical record and that the ALJ's conclusion to the contrary is erroneous.

The record adequately establishes Plaintiff's entitlement to benefits and the record is devoid of significant evidence to the contrary.  Accordingly, this matter should be remanded for an award

of benefits.  Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994).

**III. Conclusion**

The Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10), REVERSES this case pursuant to Sentence Four of 42 U.S.C. § 405(g), and REMANDS this case for an award of benefits.

SO ORDERED.

Date: August 18, 2009          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge